## SIMONDS. v. HAITHCOCK.

1. Within ten days after homestead appraisers had made their return declaring the land to be incapable of division and assessing it at over $1,000, the sheriff served notice on the debtor requiring him to pay the excess within sixty days (*Gen. Stat.*, § 1996); but to this return exceptions were taken and the matter finally reached the Supreme Court on appeal, where the return was confirmed. Within sixty days after *remittitur* filed, the defendant tendered this excess to the sheriff. *Held*, that he was within the time required by the statute.

2. The appeal in such a case operates as a *supersedeas* upon all the proceedings in the court below. *Code*, § 356.

3. The proviso to section 1996, General Statutes, giving to a debtor his homestead, where it is valued at over $1,000, upon his paying the excess, is not unconstitutional, as it does not affect the rights of the creditor as to the money used by him in paying such excess.

Before FRASER, J., Richland, April, 1886.

The opinion states the case.

*Messrs. Lyles & Haynsworth*, for appellant.

*Mr. John Bauskett*, contra.

June 21, 1887. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The land of the respondent being levied upon by the sheriff under an execution in favor of the appellant on January 8, 1884, he claimed a homestead therein, whereupon appraisers were appointed, who returned the value

---

[1] This completes the cases of November term, 1886.—REPORTER.

of said land at the sum of $987.50. Upon exceptions to this return it was set aside by his honor, Judge Wallace, and new appraisers were appointed. These appraisers made return that the land could not be divided without injury, and they appraised it at $1,125. This was on May 29, 1885. Exceptions were filed to this return by the respondent above, which being heard by his honor, Judge Kershaw, were overruled and the return confirmed July 22, 1885. From this order an appeal was taken to this court, upon which appeal the order below was affirmed,[1] the *remittitur* from this court being sent down on March 3, 1886. In the meantime the sheriff of Richland County, within ten days after the return of the appraisers above, had served upon the respondent the notice required by section 1996, General Statutes, to pay the excess of the appraised value of the land, over and above one thousand dollars, within sixty days, which payment the respondent having failed to make, he, the sheriff, was proceeding to sell.

Upon this state of facts, the respondent having tendered this excess within sixty days after the *remittitur* of this court had been sent down, filed the petition below, praying that the said sheriff might be required to receive said excess, receipting therefor on the return of the appraisers, and returning the same to the respondent. His honor, Judge Fraser, who heard the petition and the answer thereto, granted the prayer of the petitioner, and he ordered and directed the said sheriff "to receive said one hundred and twenty-five dollars, and thereupon to receipt upon said return for the sum so paid, and to deliver said return of said appraisers so receipted to the said James Haithcock."

From this order Simonds has appealed upon two grounds: 1st. Because his honor should have held that the petitioner, James Haithcock, not having paid the surplus of the appraised value of the land claimed as a homestead within sixty days after the service on him of the notice by the sheriff, as required in section 1996 of the General Statutes of 1882, he had lost his right to do so. 2nd. Because his honor did not hold so much of section 1996 of the General Statutes of 1882, as is contained in the last proviso of said section which establishes an exemption of more

[1] 24 *S. C.*, 207.

than one thousand dollars in value of real estate, as unconstitutional and void, and did not thereupon dismiss said petition.

As to the first ground. Section 1996, General Statutes, does require the sheriff with whom the return of appraisers in homestead cases is lodged, where the appraisement of the land claimed is above one thousand dollars, to give notice to the debtor, &c., within ten days after the delivery of the return to him, that unless the person claiming the homestead shall pay to him the excess over one thousand dollars within sixty days, the premises will be sold, &c. But we must suppose that a literal compliance with this is required only in cases where there is no contest, where the appraisement is not excepted to; otherwise it would cut off all opportunity to have the appraisement reviewed and might result in some cases in manifest injustice, and without remedy. Either party has the right to except to an appraisement. In this case both parties did except below, the appellant in the first appraisement, and the respondent in the second. From the last hearing the respondent appealed, and we think that this appeal operated as a *supersedeas* to all proceedings below, and thereby stayed the hand of the sheriff until the appeal was disposed of. *Code*, section 356. Within sixty days after the *remittitur* from this court went down, the respondent tendered the excess and demanded the return of the appraisers properly endorsed. We think he was entitled to it, and we sustain the Circuit Judge in his order thereon.

The 2nd exception raises the question of the constitutionality of the proviso to section 1996, which allows a debtor claiming a homestead, where said homestead is appraised above $1,000, to pay the excess and get the land. It is contended that by this arrangement the debtor obtains lands greater in value than $1,000, and inasmuch as the constitution allows lands to the value of $1,000 only, that this violates the constitution.

In the former appeal in this case from the order of his honor, Judge Kershaw, confirming the return of the appraisers, the respondent here, appellant there, objected to the entire section of the Code, 1996, as unconstitutional, on the ground that it authorized the sale of the debtor's homestead, which it was contended was in violation of the intent and purpose of the constitutional

exemption, the object of said exemption being to preserve the homestead from sale. This court, in overruling this exception, said, Mr. Justice McGowan delivering the opinion: "It will be observed, however, that the constitution does not undertake to prescribe the details of procedure by which the homestead may be set off, but, on the contrary, simply establishes the right and fixes the limit, and then declares that it shall be the duty of the general assembly to enforce the provisions of the section by suitable legislation. Art. 2, sec. 32, as amended." Here the appellant does not object to so much of section 1996 as was involved in the former appeal, but he contends that the last proviso thereto, which allows the debtor to pay the excess in valuation over and above $1,000, and hold the entire land, is unconstitutional, on the ground, as it is urged, that the money which the debtor pays on the excess should belong to the creditor in the first instance, and if he is permitted to use it in purchase of the additional quantity of land over $1,000, he is thereby allowed an exemption beyond the constitutional provision.

We do not find anything in section 1996 which allows the debtor to use funds liable to his creditors in the payment of the excess. That section simply provides that, unless he pays said excess, the land shall be sold. How he is to pay it is a matter for him, and the rights of the creditor, as to the money used by him, is in no way affected. The section nowhere declares that the debtor may abstract a sufficient amount from his personal estate to meet said excess, which amount is to be free from his creditors, but it leaves the debtor to raise the amount as best he can. There is therefore no additional exemption provided for in the proviso objected to. On the contrary, the object of the proviso is to secure the constitutional exemption of the homestead valued at $1,000, and it was enacted by the legislature under the provision referred to above, wherein the general assembly is directed "to enforce the constitution by suitable legislation." Where a homestead is claimed in lands capable of division, and a homestead in value of $1,000 can be cut off and assigned, there is no difficulty, but where the land is incapable of division (as was the case here), unless some scheme had been provided by the general assembly in the discharge of the duty required at its

hands by the constitution, the homestead exemption would have been a dead letter to many. The general assembly provided the scheme enforced below, and we do not think that the constitution was violated thereby.

It is the judgment of this court, that the order below be affirmed.

MR. JUSTICE McGOWAN concurred.

MR. JUSTICE McIVER. Inasmuch as I do not understand that the question whether the interest of the judgment debtor in the land to the extent of the excess of its value over one thousand dollars, can be subjected to the payment of his debts, upon a proper showing for that purpose, is necessarily involved in or decided by this case, I concur in the result.