### 11298

### THE LUCAS BANK *ET AL. IN RE*. FLEMING

#### (119 S. E., 18)

1. COURTS—PROBATE COURT'S ORDER OF SALE HELD NOT TO OUST COMMON PLEAS COURT OF JURISDICTION TO SET OFF HOMESTEAD.—A Probate Court's order for the sale of decedent's land exempting the homestead *held* not to oust the Court of Common Pleas of jurisdiction to set off the homestead.

2. APPEAL AND ERROR—NO REVIEW OF ERRORS OF FACT IN LAW CASES.—The Supreme Court has no jurisdiction to review errors of fact in law cases.

3. HOMESTEAD—ACT AUTHORIZING PAYMENT OF AMOUNT BY WHICH LAND EXCEEDS HOMESTEAD CONSTITUTIONAL.—The Act providing that a homestead exceeding $1,000.00 in value may be exempt on the payment of the amount by which the homestead exceeds $1,000.00 *held*, not to violate the constitutional provision limiting the value of a homestead exemption to $1,000.00.

Before RICE, J., Greenwood, 1922. Affirmed.

*Ex parte* proceeding to set off homestead by Mrs. Z. E. C.

Fleming. From the decree rendered, the Lucas Bank and others appeal.

*Messrs. F. P. McGowan, Richey & Richey, Dial & Todd* and *Simpson, Cooper & Babb,* for appellants, cite: *Return of appraisers void for want of seal:* 1 Civ. Code 1912, Sec. 3711. *Court without jurisdiction:* Id., Sec. 3720; 33 S. C., 512. *Matter would have been adjudicated in Probate Court:* Secs. 3711, 3719. *Prejudicial award:* 25 S. C., 389.

*Messrs. Grier & Park,* for respondent, cite: *Return of appraisers in absence of fraud:* 5 S. C., 433; 19 S. C., 101; 24 S. C., 207; 58 S. C., 53; 26 S. C., 595. *Probate Court could only recognize Homestead right, but not set it off:* 24 S. C., 29; 37 S. C., 184. *Law contemplates setting off a "home":* 37 S. C., 186.

September 18, 1923.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is a proceeding to set off a homestead for Mrs. Z. E. C. Fleming. The statement of facts set forth in the appellant's argument is:

"This is an *ex parte* proceeding, commenced by Mrs. Z. E. C. Fleming, to have set off to her a homestead in the real estate of her deceased husband, Mr. R. F. Fleming, deceased, and a personal exemption in the same estate, commenced in the Common Pleas Court of Greenwood, before County Judge Hon. C. C. Featherstone, the —— day of February, 1922, and the County Judge made an order on March —— appointing three commissioners to appraise and set off to Mrs. Fleming a homestead in her own lands, or in the lands of her husband. On January 20, 1922, Mrs. Fleming, as executrix of her husband's estate, filed a complaint in the Court of Probate for the County of Greenwood for the sale of the lands of the estate of her said husband for the payment of his debts in aid of the personal estate. In

February, 1922, the Probate Court directed that the lands of the estate of R. F. Fleming, deceased, be sold by the said executrix for the payment of the debts. The said order further provided, that, if any portion of said lands be set to Mrs. Fleming as homestead in a proceeding now pending, such portion of the lands be not sold for the payment of debts; 116 acres of land was sold by the said petitioner as administratrix of the will of R. F. Fleming, Sr., at public sale in December, 1922, and purchased by C. H. Roper, for the Enterprise National Bank of Laurens and other creditors, for $43.00 per acre."

I. The first assignment of error is that, inasmuch as there was a proceeding in the Probate Court for the sale of the land of R. F. Fleming, in aid of assets the Court of Common Pleas was without jurisdiction to set off a homestead. It is enough to state that the order of the Probate Court did not pretend to dispose of or sell the homestead. Its jurisdiction to sell the land covered by the homestead was disavowed. This assignment of error cannot be sustained.

II. The next assignment of error is that the land set apart was worth more than the appraised value. This is a proceeding at law, and this Court has no jurisdiction to correct errors of fact in law cases.

III. The next assignment of error is that these proceedings in homestead amounted to a partition of the lands of R. F. Fleming. This assignment of error cannot be sustained. The homestead was set off and nothing more.

IV. It is claimed, further, that the land set aside as a homestead was admittedly worth over $4,000.00. That the provision that Mrs. Fleming should be allowed to pay the excess of $3,100.00 does not avail, as the Act is unconstitutional, in that it allows the payment of the excess and the retention of the land, inasmuch as the Constitution limits the homestead to $1,000.00. The Act was

declared to be constitutional in *Simonds v. Haithcock,* 24 S. C., 207, and 26 S. C., 595; 2 S. E., 616.

The judgment appealed from is affirmed.

MESSRS. JUSTICES COTHRAN and MARION concur.

MR. JUSTICE WATTS disqualified.

MR. CHIEF JUSTICE GARY did not participate.